UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Cira Milan,<br>a/k/a Cira Martinez,<br><br>                               Plaintiff,<br><br>  -v.-<br><br>Cavalry Portfolio Services, LLC,<br>Cavalry SPV I, LLC,<br><br>                             Defendant(s). | Civil Action No: 2:21-cv-634<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Cira Milan, also known as Cira Martinez, a Florida resident, brings this Complaint by and through her attorneys, Zeig Law Firm, LLC, against Defendants Cavalry Portfolio Services, LLC ("Defendant Cavalry Portfolio") and Cavalry SPV I, LLC ("Defendant Cavalry"), respectfully sets forth, complains, and alleges the following based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      The Fair Debt Collection Practices Act ("FDCPA") was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation(s) of section 1692 et. seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

6. Plaintiff is a resident of the State of Florida, County of Lee.

7. Defendant Cavalry Portfolio is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with address at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

8. Upon information and belief, Defendant Cavalry Portfolio is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

9. Defendant Cavalry is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with address at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

10. Upon information and belief, Defendant Cavalry is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## FACTUAL ALLEGATIONS

11. Plaintiff repeats the allegations contained in the above paragraphs as if set forth fully herein.

12. On a date better known to Defendants, Defendants began collection for an obligation that was allegedly incurred to Citibank, N.A.

13. The alleged debt arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes, specifically non-payment for personal credit card purchases associated with a Citi Double Cash Card.

14. The alleged Citibank N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5)

15. Upon information and belief, Citibank N.A. transferred the defaulted debt to Defendant Cavalry. Therefore, Defendant Cavalry is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

16. Upon information and belief, Defendant Cavalry contracted with Defendant Cavalry Portfolio to collect the defaulted debt. Therefore, Defendant Cavalry Portfolio is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

17. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of themselves or other creditors using the United States Postal Services, telephone and internet.

18. Defendant Cavalry has policies and procedures in place that govern Defendant Cavalry Portfolio's debt collection practices, specifically with regard to collecting the subject debt, thereby evidencing Defendant Cavalry's control over Defendant Cavalry Portfolio's collection practices.

19. By virtue of the relationship between the two Defendants, Defendant Cavalry exercised control over Defendant Cavalry Portfolio while the latter was engaged in collecting the subject debt on behalf of the former.

20. Therefore, Defendant Cavalry should be held vicariously liable for any and all violations committed by Defendant Cavalry Portfolio.

*Violation I – October 8, 2020 Letter*

21. On or about October 8, 2020 Defendants sent Plaintiff a letter regarding the alleged debt owed ("Letter"). A copy of this letter from Defendants is **attached as Exhibit A**.

22. The letter states that Plaintiff made a dispute pursuant to the Fair Credit Reporting Act.

23. It further states, "We are treating the dispute letter as a request for validation under the FDCPA."

24. If Plaintiff made a dispute under the Fair Credit Reporting Act, Defendants have no right to treat it as a dispute under the FDCPA.

25. If Plaintiff disputed it under the FDCPA, the letter is making a false claim as to the basis of the dispute.

26. Either way, the letter is deceptive and misleading in how it treats, and how it claims to treat, Plaintiff's alleged dispute.

27. After claiming Plaintiff disputed the debt pursuant to the FDCPA, the letter states that "We will write to you again within 150 days from the date of this letter."

28. This statement is misleading because the very same day Defendants wrote another letter to Plaintiff.

*Violation II - October 9, 2020 Letter*

29. The second October 9, 2020 letter claims to be a verification of the debt disputed by Plaintiff pursuant to the FDCPA. A copy of this second letter from Defendants is **attached as Exhibit B**.

30. However, the Plaintiff never disputed the debt pursuant to the FDCPA, therefore, this second October 9, 2020 letter is false on its face.

31. In addition, the second October 9 letter states:

> Principal Due:         $389.32
> Charges or Fees:       $0.00
> Amount of Debt Owed:   $389.32

32. Upon information and belief this statement is also false.

33. The principal of the original credit card debt is not $389.32.

34. The total allegedly owed of $389.32 consists of more than just principal; it includes other amounts such as interest and/or late fees.

35. It is therefore false and deceptive to characterize the amount of the principal of the debt as an amount higher than the actual principal.

*Violation III – October 23, 2020 Letter*

36. On or about October 23, 2020, Defendants sent Plaintiff another collection notice regarding the alleged debt ("October 23 Letter"). A copy of this third letter from Defendants is **attached as Exhibit C**.

37. The October 23 letter states:

> Principal Due:         $389.32
> Charges or Fees:    $0.00
> Amount of Debt Owed:  $389.32

38. Upon information and belief this statement is false.

39. The principal of the original credit card debt is not $389.32.

40. The total allegedly owed of $389.32 consists of more than just principal; it includes other amounts such as interest and late fees.

41. It is therefore false and deceptive to characterize the amount of the principal of the debt as an amount that is higher than the actual principal.

42. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

43. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

44. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

45. Now, consumers have a right to receive proper notice of the amount of debt due and in the context of validation letters, a right to receive proper notice of the nature of their debts. When

a debt collector fails to effectively inform the consumer of the debt collector's right to collect a debt in the amount stated, in violation of statutory law, the debt collector has harmed the consumer.

46. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

47. Defendants' collection efforts with respect to the subject debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

48. Defendants' deceptive, misleading and unfair representations with respect to their collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately determine the amount, character, and legal status of the debt.

49. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

50. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

51. Plaintiff repeats the allegations contained in the above paragraphs as if set forth fully herein.

52. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

53. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

54. Defendants violated §1692e:

   a. By falsely characterizing Plaintiff's dispute as one under the FDCPA or alternatively claiming Plaintiff disputed under the FCRA when in fact it was made pursuant the FDCPA;

   b. Verifying a disputed debt pursuant to the FDCPA after admitting the dispute was not made under the FDCPA;

   c. Falsely claiming that the balance of the principal under the alleged credit card debt was $389.32 when that amount included interest and/or fees, not just principal;

55. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***

56. Plaintiff repeats the allegations contained in the above paragraphs as if set forth fully herein.

57. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

58. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

59. Defendant violated this section by:

    a. unfairly characterizing Plaintiff's dispute as one under the FDCPA or alternatively claiming Plaintiff disputed under the FCRA when in fact it was made pursuant the FDCPA;

    b. Verifying a disputed debt pursuant to the FDCPA after admitting the dispute was not made under the FDCPA;

    c. Falsely claiming that the balance of the principal under the alleged credit card debt was $389.32 when that amount included interest and/or fees, not just principal;

60. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

61. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff Cira Milan, also known as Cira Martinez, demands judgment from Defendants Cavalry Portfolio Services, LLC and Cavalry SPV 1, LLC as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. §2201; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: August 24, 2021

Respectfully Submitted,

**ZEIG LAW FIRM, LLC**
/s/ Justin Zeig
Justin Zeig, Esq.
3475 Sheridan St. Ste 310
Hollywood, FL 33021
Telephone: (754) 217-3084
Facsimile: (954) 272-7807
justin@zeiglawfirm.com
*Counsel for Plaintiff*